IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBORAH WALTON, on behalf of        )
minor child, R.W.,                  )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Civil Action No. 2:04cv508-A
                                    )                    WO
MONTGOMERY COUNTY BOARD OF          )
EDUCATION, et al.,                  )
                                    )
            Defendants.             )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment filed by the Defendants,

Montgomery County Board of Education, Montgomery Public Schools, Dr. Clinton Carter,[1]

Jimmy Barker, Tina Minott, Michael Gibbs, and Myra Hardy (Doc. # 25).

The Plaintiff filed a Complaint in this case bringing claims denominated as violation of

constitutional rights (Count 1), 42 U.S.C. § 1983 against individual defendants (Count 2),

retaliation (Count 3), and state law claims of assault and battery (Count 4.I) and negligent

training and supervision (Count 4.2). The Plaintiff has requested the following relief:

compensatory damages in excess of $2,500,000.00, punitive damages in excess of

$5,000,000.00, prejudgment and postjudgment interest as allowed by law, attorney's fees, costs

of suit, and all other relief which the court may deem just and proper. See Complaint at page 18.

---

[1] Dr. Clinton Carter has been named in his individual as well as official capacity. The current Superintendent, Dr. Carlinda Purcell, is substituted for the official capacity claims only.

The Defendants have moved for summary judgment on all of the Plaintiff's claims, and the Plaintiff has filed a response.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[2]

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to

---

[2] Walton has relied on Alabama case law in support of her characterization of the standard applicable to a motion for summary judgment.  The court will, however, apply the Federal Rules of Civil Procedure.

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial.'" Id. at 324.  To avoid summary judgment, the nonmoving party "must do more

than show that there is some metaphysical doubt as to the material facts." Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  On the other hand, the evidence of

the non-movant must be believed and all justifiable inferences must be drawn in its favor. See

Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

 After the nonmoving party has responded to the motion for summary judgment, the court

must grant summary judgment if there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

 The submissions of the parties establish the following facts, viewed in a light most

favorable to the non-movant:[3]

 This case is brought by Deborah Walton ("Walton") on behalf of her minor son, R.W.

R.W. was a fifteen-year-old eighth grade student at Southlawn Middle School during the events

at issue.  R.W. had daily special education classes with M.D., another minor student. On March

12, 2004, M.D. had been teasing R.W. and ultimately struck R.W. in the eye for no apparent

reason. M.D. then left the classroom. The classroom teacher, Defendant Myra Hardy ("Hardy"),

---

[3] Walton has cited to her Complaint in support of some of her factual statements.
Opposing summary judgment "requires the nonmoving party to go beyond the pleadings and by
[its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'
designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S.
at 324.  Therefore, the court has only considered facts supported by citation to evidentiary
submissions.

sent an Office Referral regarding M.D.'s behavior to the assistant principal, Defendant Michael

Gibbs ("Gibbs").  Gibbs suspended M.D. for three days.

R.W. allegedly asked Hardy if he could go to the office, but she told him he would be ok.

R.W. asked if he could call his mother, but Hardy did not respond.  Hardy later obtained ice for

R.W.'s injury.

R.W.'s sisters picked him up from school and reported to their mother that R.W.'s eye

was swollen.  Walton spoke with Gibbs.  She also called an ambulance and the paramedics

advised her to seek medical treatment.  She took R.W. to his family doctor the following

Monday, and then took him to an eye doctor. He was given eye drops.

Walton sought an arrest warrant for M.D. M.D. was arrested and pled guilty to hitting

R.W.  Part of his sentence required that he pay restitution to Walton for two co-payments made

for R.W.'s doctor visits.

Walton states that the Defendants failed to provide R.W. with counseling following the

March incident, and that disciplinary actions were taken against him after Walton pressed

criminal charges.

## IV. DISCUSSION

The Defendants have moved for summary judgment on the merits of the Plaintiff's

claims as well as on the basis of immunities which apply to the individual Defendants in various

capacities.  The court will address first the arguments raised with respect to Walton's federal

claims, and then will turn to the state law claims.

Federal Claims

Walton states that she brings claims of violation of due process under the Fourteenth Amendment, 42 U.S.C. § 1983, and retaliation.  Section 1983 of Title 42, however, does not provide any substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).

Walton does not state under which constitutional provision she seeks to assert a retaliation theory.  She has only stated that retaliation occurred.  The court is not aware of any constitutional provision under which Walton could bring a retaliation claim which is separate and apart from her due process claim.[4]  Cf. Ratliff v. DeKalb County, Ga., 62 F.3d 338, 840 (11th Cir. 1995)("no clearly established right exists under the equal protection clause to be free from retaliation.").  Accordingly, summary judgment is due to be GRANTED as to the retaliation claim.

With respect to the claimed due process violation asserted under 42 U.S.C. § 1983, the Defendants contend the Plaintiff has failed to demonstrate that R.W. was deprived of a liberty interest protected by the Fourteenth Amendment.  The Defendants contend that this case does not represent an exception to the general rule that the Constitution does not require the State to protect the liberty of citizens from private actors.  The Plaintiff argues in response that there was deliberate indifference to an extremely great risk of serious injury to R.W.

This court has previously interpreted Supreme Court precedent on this issue, which has determined that the Fourteenth Amendment's Due Process Clause does not require the State to

---

[4] Walton does not assert a First Amendment retaliation claim, nor could she under these facts where she merely has demonstrated that she voiced complaints to administrative officials about treatment of her son, not that she engaged in any speech on a matter of public concern.

protect the life, liberty, and property of its citizens against private actors, and found that the State

had no duty to protect a student of a public university from harm from a third party. <u>Griffin v.</u>

<u>Troy State Univ.</u>, 333 F. Supp. 2d 1275, 1280 (M.D. Ala. 2004).  An exception to the rule that

the State does not have to protect its citizens from third parties may arise when a person is held

in the custody of the State. <u>Wright v. Lovin</u>, 32 F.3d 538, 540 (11th Cir. 1994).  Under federal

law, however, "schoolchildren are not in a custodial relationship with the state."  <u>Nix v. Franklin</u>

<u>County School Dist.</u>, 311 F.3d 1373, 1378 (11th Cir. 2002).  As more fully explained in <u>Wyke v.</u>

<u>Polk County School Board</u>, 129 F.3d 560 (11th Cir. 1997), "[c]ompulsory school attendance

laws alone are not a 'restraint of personal liberty' sufficient to give rise to an affirmative duty of

protection."  <u>Wyke v. Polk County School Bd.</u>,  129 F.3d 560, 569 (11th Cir. 1997); <u>see also</u>

<u>Vernonia School Dist. 47J v. Acton</u>, 515 U.S. 646, 655 (1995) ("We do not, of course, suggest

that public schools as a general matter have such a degree of control over children as to give rise

to a constitutional 'duty to protect.'") (citing <u>DeShaney v. Winnebago County Dept. of Social</u>

<u>Servs.</u>, 489 U.S. 189, 200 (1989)).

The Eleventh Circuit has explained that two applicable principles emerge from due

process jurisprudence:

> (1) generally, those individuals not in state custody will have no due-process
> claim for unsafe conditions; and (2) specifically, in a classroom setting, courts
> have not allowed due-process liability for deliberate indifference, and, moreover,
> will only allow recovery for intentional conduct under limited circumstances.

<u>Nix,</u> 311 F.3d at 1378.  The intentional conduct identified in <u>Nix</u> as meeting the "shock the

conscience" standard of substantive due process is excessive corporal punishment by an

educator. <u>Id.</u>

The case relied on by Walton in support of her claim concerns a substantive due process claim of students sexually harassed and abused by a teacher.  See Does v. Covington County School Bd. of Educ., 930 F. Supp. 554, 577 (M.D. Ala. 1996).  That analysis arguably would fall within the second principle identified by Nix: intentional conduct by state actors.

The facts in this case, which are largely undisputed, are that R.W. was a student injured by another student.  This case does not concern sexual harassment or abuse or any other intentional act perpetrated by any teacher or other employee of the Board.  Rather, Walton contends that the Board and its employees were deliberately indifferent to a risk of harm by a third party.  Because R.W. was not in the custody of the State and did not suffer harm from an intentional act of any State actor, there is no constitutional violation. Accordingly, the court concludes that summary judgment is due to be GRANTED as to the Plaintiff's due process claim to all Defendants in all capacities.

Even if a constitutional violation existed under the facts in this case, the Defendants would still be entitled to summary judgment.  The claims against the individual Defendants in their official capacities are redundant of the claims against the Board. See Godby v. Montgomery County Bd. of Educ., 996 F. Supp. 1390, 1403 (M.D. Ala. 1998)(finding that claims against officers, including principal and teachers, in their official capacities are redundant of claims against the Board). The individual Defendants in their individual capacities also would be entitled to qualified immunity because there is no clearly established law which would have given the Defendants fair warning that a school representative can be held liable for deliberate indifference to a risk of harm by a third party.  See Hope v. Pelzer, 536 U.S. 730, 741 (2002).  Finally, Walton has merely asserted, without sufficiently presenting evidence to support her

allegation, that a policy or custom exists as a basis for holding the Board liable. See Monell v. Dept. of Social Serv., 436 U.S. 658, 691 (1978). Accordingly, summary judgment is due to be GRANTED on this alternative basis.

State Law Claims

In her Complaint, the Plaintiff brings a claim for assault and battery. Although it is apparently undisputed that R.W. suffered an assault and battery at the hands of M.D., the Defendants contend that there is no basis for their liability for assault and battery because there are no facts which establish that an agency relationship existed between M.D. and the Defendants.  Walton has not responded to this argument by the Defendants, and in fact only presents an argument with respect to the negligent training and supervision claim. Therefore, Walton has abandoned her claim.  See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995).  Even if Walton has not abandoned her claim, her failure to present any evidence to establish an agency relationship between M.D. and the Defendants requires summary judgment be entered in the Defendants' favor on this claim.

With regard to the negligent training and supervision claims asserted against the Defendants in their official capacities, the Defendants have claimed state sovereign immunity.[5] Walton's response to this argument is that it is well-settled law that defendants in their individual capacities are not entitled to sovereign immunity.  Summary judgment is, however, due to be

---

[5] The court has used the labels for these immunities used by the Defendants.  According to the Alabama Supreme Court, "[t]he immunity available to the State in an action against the State is now referred to as 'State immunity.' The immunity available to individual defendants sued for actions taken on behalf of the State is now referred to as 'State-agent immunity.'" Ex parte Haralson, 853 So.2d 928, 931 (Ala. 2003).

GRANTED the Defendants in their official capacities on the basis of state sovereign immunity, or State immunity. See Parker v. Perry County Board of Education, 496 So. 2d 2, 5 (Ala. 1986) (school board members in official capacity are immune on the basis of sovereign immunity); Hickman v. Dothan City Board of Education, 421 So. 2d 1257, 1259 (Ala. 1992) (school board employees are entitled to sovereign immunity in their representative capacities).

The Defendants also have claimed discretionary function, or State-agent, immunity as to the claims against them in their individual capacities.  They contend that all of the challenged actions in this case involved the exercise of discretion and judgment.

Walton has not responded to this argument. She has instead argued that the Board, Minott, and Gibbs negligently trained their subordinates, and that had Hardy been properly been trained, she would have forwarded to her superiors Walton's request to remove R.W. from what she contends was an abusive environment. Walton cites to the deposition of Lois Johnson, Assistant Superintendent, to support her contentions.  In her deposition, Lois Johnson testified that reports of assaults are made to the Board and to her office or a specialist, that she remembers something about the incident in question, that a new teacher would be trained by a principal to report parent requests to a superior, and that school employees may decide that counseling is appropriate without a request from a parent. See Lois Johnson Dep. at pages 4-13, 22: 9-16, and 26-27.

The Alabama Supreme Court has established a "burden-shifting" process when a party raises the defense of discretionary function, or State-agent, immunity. Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala. 2003).  In order to claim this immunity, a defendant bears the burden of demonstrating that a plaintiff's claims arise from a function that would entitle him or her to

immunity. Id. If a defendant makes such a showing, the burden then shifts to the plaintiff to establish that the defendant acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. Id. A defendant acts beyond authority and is therefore not immune when he or she "'fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist.'" Id. (citation omitted).

The Alabama Supreme Court also has explained that "State agents are entitled to immunity for actions taken in the exercise of their judgment in educating students when they are discharging duties imposed by statute, rule, or regulation." Id.  This immunity applies both to actions taken in educating students and in supervising personnel. Id. at 1055.

Under the facts in the instant case, construed in a light most favorable to the non-movant, the court concludes that the Defendants have adequately demonstrated that they were performing acts using discretion and judgment.

"The immunity afforded State agents who exercise their judgment in the education of students and the supervision of personnel is not abrogated for negligent and wanton behavior; instead, immunity is withheld only upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." Id. at 1057.

Walton merely states in her brief that the "Board, Minott and Gibbs were liable for negligently training their subordinates."  Plaintiff's Memorandum Brief in Opposition of Defendants' Motion for Summary Judgment at page 12.  She does not argue that the Defendants acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority.  Neither the cited deposition testimony of Lois Johnson, nor the other evidence cited to the court, when viewed in a light most favorable to the non-movant, is sufficient to create a question of fact as to

10

whether the Defendants acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority.  Summary judgment is, therefore, due to be GRANTED as to the negligent training and supervision claims on the basis of discretionary function, or State-agent, immunity.

## V. CONCLUSION

For the reasons discussed, the court concludes that Walton has failed to establish that there is a violation of federal law in this case, or that the Defendants are not entitled to immunity from the relief sought in this suit under state law immunity principles. Accordingly, the Motion for Summary Judgment is due to be and is hereby ORDERED GRANTED.  A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 20th day of May, 2005.

/s/ W. Harold Albritton_____
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE